UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL ALBERT BISHOP,

       Petitioner,

                                      CASE NO. 14-11805

v.

                                      PAUL D. BORMAN
OAKLAND COUNTY SHERIFF,     UNITED STATES DISTRICT JUDGE

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING
THE PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On May 6, 2014, petitioner Terrell Albert Bishop filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is confined at the Oakland County Jail in Pontiac, Michigan. He alleges that he has been charged with second-degree arson, Mich. Comp. Laws § 750.73(1), and aggravated stalking, Mich. Comp. Laws § 750.411i, and that he has been awaiting trial since June 6, 2013. Petitioner contends that the delay in bringing him to trial violates his constitutional right to a speedy trial and his right not to be subjected to cruel and unusual punishment.

Pretrial detainees may seek habeas corpus relief in federal court under 28 U.S.C. § 2241, "which extends the writ to, among others, persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Phillips v. Ct. of Common Pleas,*

*Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (quoting § 2241(c)(3)). Petitioner filed his pleading under 28 U.S.C. § 2254, which governs habeas corpus petitions brought by persons in custody under a state court judgment. Petitioner obviously was not in custody under a state court judgment when he filed his habeas petition. But even if the Court were to construe his pleading as one brought under 28 U.S.C. § 2241, federal

> courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted); *see also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging the authority of federal courts to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances").

The docket for Petitioner's criminal case indicates that his trial commenced on June 2, 2014. *See People v. Bishop*, No. 2013-247795-FH (Oakland Cnty. Cir. Ct. June 2, 2014). And even though Petitioner alleges that the state court has lost jurisdiction of his criminal case, the "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*,

532 F.2d 1058, 1059 (6th Cir. 1976).  The Court therefore concludes that there are no extraordinary circumstances warranting intrusion into state proceedings already underway.  Thus, the habeas petition (ECF No. 1) is summarily DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .")

It is further ordered that a certificate of appealability shall not issue because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Finally, because an appeal could not be taken in good faith, the Court denies leave to proceed *in forma pauperis* on appeal, should Petitioner decide to appeal this decision.  28 U.S.C. § 1915(a)(3).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 10, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 10, 2014.

                                            s/Deborah Tofil
                                            Case Manager